611 P.2d 953

Stephen L. SIDES and Sharon Sides, husband and wife, Plaintiffs/Appellants,

v.

NATIONWIDE FINANCIAL CORP., dba Citicorp Person to Person Financial Center, a corporation, and Ted A. Smith, Trustee, Defendants/Appellees.

No. 2 CA–CIV 3447.

Court of Appeals of Arizona, Division 2.

May 15, 1980.

Norman R. Freeman, Tucson, for plaintiffs/appellants.

Welliever, Smith & Howard by Ted A. Smith, Phoenix, for defendants/appellees.

OPINION

RICHMOND, Judge.

Appellants Stephen L. Sides and Sharon Sides commenced an action for declaratory judgment, alleging that the interest rate on their note in favor of appellee Nationwide Financial Corp. was usurious under A.R.S. § 44–1202, and obtained a temporary restraining order prohibiting the trustee's sale of their residence. Both parties filed motions for summary judgment and appellees' motion was granted. We affirm the judgment in their favor.[1]

Appellants argue that their loan was not subject to maximum interest of one and one-third per cent per month under a revolving loan account, as authorized by A.R.S. § 44–1205 A(2), but to the 12 per cent per annum limit of § 44–1202. Since the note provides for interest at 15.98 per cent, Nationwide would forfeit all interest under the latter section.

> A.R.S. § 44–1205 A(2) provides in part: Under a revolving loan account of a financial institution as defined by § 6–101, or resulting from check loan or lender credit card transactions, which the debtor may pay at any time but has the privilege of paying in installments, if the loan finance charge is not precomputed but is computed solely on the outstanding balances of the debtor's account, the creditor may charge a loan finance charge not to exceed one and one-third per cent per month on the unpaid balances of the account, calculated as of the regular monthly billing date or on the actual daily balances outstanding.* * *

Nationwide is a qualifying financial institution and the terms of the loan agreement comply with the requirements of the statute. Appellants' argument is based on two transactions immediately preceding the loan in question. In November 1975 Mr. and Mrs. Sides applied to Nationwide and obtained a revolving loan secured by second deed of trust. The loan amount was $25,383.99. The loan agreement provided for a revolving line of credit "not to exceed $50,000.00." On January 8, 1976, under an identical loan agreement, appellants borrowed $37,628.03, from which the balance on the first loan was repaid, and a new deed of trust was recorded. On April 20, 1976, under a third loan agreement, they borrowed a total of $50,170.70, from which the second loan was repaid. A new deed of trust was recorded. After appellants defaulted in December 1977 on the then existing loan, Nationwide gave notice of default and election to sell pursuant to the deed of trust.

From the foregoing, appellants contend the third loan was a simple loan made under the guise of a revolving loan account and thus subject to forfeiture of interest under § 44–1202. They agree the facts are undisputed and argue that the only reasonable inference from the three successive loans is that appellees were attempting to circumvent the usury laws. Had appellants been refused additional credit up to $50,000 on either of the first two loans, a question would have been presented as to the nature of that loan. The only loan at issue, however, is the third loan for the maximum amount of approved credit, which appellants concede complies in all respects with A.R.S. § 44–1205 A(2). A contract does not violate the usury laws unless on a fair and reasonable construction of all its terms, in view of the dealings of the parties, it is manifest that the intent of the parties was to engage in a transaction forbidden by the laws. *Starkovich v. Southwest Savings & Loan Assn.*, 14 Ariz. App. 382, 483 P.2d 795 (1971). There is no evidence of any such intent in the terms of the existing loan.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1. By stipulation the temporary restraining order remains in effect during the pendency of this appeal.